Mrs. Paula G. Pumphrey Director, Arkansas Adult Probation Commission 323 Center, Suite 1210 Little Rock, AR 72201
Dear Mrs. Pumphrey:
This is in response to your request for an opinion on the following questions:
 1. Are staff members of an adult probation department prohibited absolutely or otherwise, from actively participating in a political campaign for an elective office which is totally unrelated to probation department matters, if such participation is solely during the off-duty hours of the staff member and if no representation is made that the political position of the staff member represents the political position of the probation department or of the court?
 2. Does the Code of Judicial Ethics apply and in what manner does it apply?
It is my opinion that the provisions of the Code of Ethics for probation staff, cited in the attachment to your correspondence, do not contain such a prohibition. Nor does there appear to be any general statutory prohibition in this regard.
The requirement under the probation Code that staff members recognize that they are an extension of the court, and the Code's prohibition against using an official position to promote partisan politics, do not, in my opinion, constitute a general prohibition against off-duty political activity. The fact that these individuals are viewed as an extension of the court does not, in my opinion, serve to incorporate the Code of Judicial Conduct's provisions regarding a judge's political activity. The probation department ethical rules would have to more clearly delineate the applicability of the Judicial Code's broad restrictions before that conclusion could be reached. It is my opinion that the inquiry under the probation Code will focus instead upon the probation staff members' use of an official position.
Your second question, concerning the applicability of the Code of Judicial Ethics (Arkansas Code of Judicial Conduct), is properly addressed to the Arkansas Judicial Discipline and Disability Commission. A.C.A. §§ 16-10-401—411 (Cum. Supp. 1991). That Commission was established under Amendment 66 to the Arkansas Constitution as the body assigned the responsibility of reviewing judicial conduct. Questions involving the interpretation of the Judicial Code should therefore be addressed to the Commission.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh